IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

THOMPSON BUILDERS, INC.                                                         PLAINTIFF

V.                                    4:07CV885 JMM

TRIPP CONSTRUCTION-ARKANSAS, INC.
And TRIPP CONSTRUCTION, INC.                                                 DEFENDANTS

## ORDER DENYING MOTION TO DISMISS

Pending is the Motion to Dismiss of Tripp Construction Inc. ("Tripp"). The Plaintiff has responded. For the reason set forth below, the Motion is DENIED.

When ruling on a motion to dismiss under Rule 12(b)(2), the Court must look at the facts relevant to the issue of jurisdiction in the light most favorable to the non-movant, give him the benefit of all reasonable inferences from these facts, and deny the motion to dismiss if the record, viewed in this way, raises any genuine issue of fact material to the issue of jurisdiction.

> While the facts adduced in a Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction must be viewed in the light most favorable to the party opposing the motion, there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist, thereby casting the burden upon the moving party to demonstrate a lack of personal jurisdiction. This is the same standard as the one we apply on motions for summary judgment under Rule 56.

*Radaszewski by Radaszewski v. Telecom Corp.*, 981 F.2d 305, 310 (8th Cir. 1992).

"To determine whether a court has personal jurisdiction over a nonresident defendant, we ask two questions: (1) whether the applicable state long-arm statute . . . is satisfied; and (2) whether a court's exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment." *Minn. Mining and Manuf. Co. v. Nippon Carbide,* 63 F.3d 694, 696-97 (8th Cir. 1995). The Eighth Circuit has recognized that the "Arkansas long-arm statute authorizes

jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process. Therefore, our inquiry devolves into the single question whether the exercise of personal jurisdiction comports with due process." *Burlington Ind., Inc. v. Maples Ind., Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996).

Due process requires a defendant to have such minimum contacts with the forum state that the maintenance of a suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Whether minimum contacts are sufficient depends on whether the defendant, by some act, purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. This test is met if a defendant has deliberately engaged in activities, such as having created continuing obligations, within a state, and such actions invoke the benefits and protection of a state's laws." *Minn. Mining & Manuf.*, 63 F.3d at 697 (internal citations omitted).

> Once it has been decided that a defendant purposefully established contacts with a forum state, these contacts must be considered in light of other factors to determine whether the assertion of personal jurisdiction would agree with fair play and substantial justice. There are three primary factors which are to be considered: (1) the nature and quality of the contacts, (2) the quantity of the contacts, and (3) the relation of the cause of action to the contacts. In addition to those considerations, there are two secondary factors as well: the interest of the forum state in the litigation and the convenience or inconvenience of the parties.

*Id.* The third factor relates to whether there is specific or general jurisdiction. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Burlington Ind. Inc.,* 97 F.3d at 1103.

After review of the pleadings and the evidence filed in support, the Court finds that the

Plaintiff has raised a genuine issue of material fact as to the Court's jurisdiction over Tripp. Joe Young, President of Tripp Construction Inc., claims that his company has never transacted business in Arkansas. However, William G. Thompson, President of Thompson Builders, Inc., claims he entered into a contract for services and materials with Tripp in White County, Arkansas in late 2003 or early 2004. (Def's Ex. A and Plaintiff's Ex. A). Mr. Thompson also stated under oath that his company submitted invoices to Tripp from July 2006 until October 2006. According to the invoices sent to Tripp by Plaintiff, Plaintiff did oil and gas work for Tripp at several different sites around Arkansas. Plaintiff's bookkeeper, Sally Gosha, had numerous telephone conversations with Lucy Garcia, an employee of Tripp Construction, Inc. during this time. Ms. Garcia provided Plaintiff with her business card which states she is an employee of Tripp Construction, Inc. These statements, and the evidence supporting these statements, create a question of fact as to whether Tripp Construction, Inc. deliberately engaged in activities within the State of Arkansas, the nature and quality of Tripp's contacts with the State, and the quantity of these contacts. As the Eighth Circuit has stated, "a complaint should not be dismissed for want of jurisdiction, before trial, if there is any genuine issue as to any fact material to the jurisdictional question." *Radaszewski by Radaszewski v. Telecom Corp.,* 981 F.2d 305, 309 (8th Cir. 1992).

Therefore, the Court finds that Defendant Tripp's Motion to Dismiss (Docket # 4) should be, and hereby is, DENIED.

IT IS SO ORDERED this 15th day of November 2007.

James M. Moody
United States District Judge